This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Tony Turner has appealed the judgment of the Wayne County Municipal Court convicting him of driving while under the influence of alcohol ("DUI"). This Court affirms.
 I.
On May 7, 2000, at 1:48 a.m., Turner was stopped by Officer Alan Fohner of the Creston Police Department. Previous to the traffic stop, Officer Fohner observed Turner go left of center six times. Upon approaching Turner's vehicle, Officer Fohner detected a powerful odor of alcohol on Turner's breath. Turner's eyes were red and glossy, and his clothes appeared "rather mussed." After Turner stepped out of his vehicle, Officer Fohner noticed Turner stumble three times. Officer Fohner attempted to administer the horizontal gaze nystagmus Test, but Turner failed to keep his head still. Turner failed the walk-and-turn test when he: stepped off the imaginary line three or four times, failed heel to toe instructions, and took incorrect turns and steps when commanded. Turner failed a finger dexterity test, and then declined to continue the test. Turner was placed under arrest.
Upon arrival to the Seville Police Department, Turner refused to take a breathalyzer test, and refused to permit a blood draw.
Turner was charged with DUI, in violation of R.C. 4511.19(A)(1). The matter proceeded to trial in the Wayne County Municipal Court, and was tried to the court. The court found Turner guilty and convicted him of DUI.
Turner has now appealed, asserting one assignment of error.
 II.
ASSIGNMENT OF ERROR
THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN THE APPELLANT'S CONVICTION OFVIOLATING [R.C.] 4511.19(A)(1).
 In his sole assignment of error, Turner argues that his conviction for DUI was not supported by sufficient evidence. This Court disagrees.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Thompkins
(1997), 78 Ohio St.3d 380, 386 ("`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.").
In the instant case, Turner was charged with DUI in violation of R.C.4511.19(A)(1), which provides: "No person shall operate any vehicle * * * [while] under the influence of alcohol[.]" As set forth supra in section I, Officer Fohner observed Turner drive left of center six times. Upon stopping Turner, Officer Fohner detected a powerful smell of alcohol on Turner's breath. Turner's eyes were red and glossy, and his clothes were "mussed." Turner effectively failed three field sobriety tests. Officer Fohner concluded that Turner was under the influence of alcohol.
For his part, Turner claims he was suffering a heart attack, and quibbles over Officer Fohner's depth of knowledge regarding the horizontal gaze nystagmus test. However, during the traffic stop, Officer Fohner asked Turner whether he had any health problems, and Turner indicated that he did not. Furthermore, the horizontal gaze nystagmus test had to be suspended due to Turner's failure to keep his head still.
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove Turner was under the influence of alcohol. Accordingly, Turner's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ______________________________________ DONNA J. CARR
BAIRD, P.J., SLABY, J. CONCUR.